UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN GABRIEL CISNEROS § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 1:18-CV-024 |
| § | CRIMINAL ACTION NO. 1:94-CR-181-12 |
| UNITED STATES OF AMERICA § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

In February 2018, Petitioner Juan Gabriel Cisneros filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. (Motion, Doc. 1) Cisneros alleges that his trial attorney provided ineffective assistance of counsel, that the trial court committed various errors with respect to witnesses and the jury instructions, that a sentencing enhancement was unconstitutionally imposed, that appellate counsel rendered ineffective assistance of counsel, and that the Government suborned perjured testimony. (*Id.* at 14–15)

The Government requested that all but one of Cisneros's claims be dismissed as either time-barred or subject to dismissal based on the record, but also requested an evidentiary hearing on the claim that Cisneros's trial counsel was ineffective for allegedly advising him to reject a plea offer and for allegedly preventing him from testifying on his own behalf. (Response, Doc. 27, 41)

The United States Magistrate Judge appointed Cisneros counsel and held an evidentiary hearing. After the parties filed briefs, the Magistrate Judge issued a Report and Recommendation. (Pet. Post-Hrg. Brief, Doc. 101; Gov. Post-Hrg. Response, Doc. 106; Pet. Post-Hrg. Reply, Doc. 117; R&R, Doc. 118) Cisneros then raised additional grounds not argued by his attorney and requested new counsel. (Letter, Doc. 121; Motion, Doc. 126) The Magistrate Judge withdrew the initial Report and Recommendation and allowed Cisneros to represent himself. (Order, Doc. 123; Order, Doc. 130) The Magistrate Judge then issued a Report and Recommendation recommending dismissal of all claims as time-barred, procedurally defaulted,

or unsupported by the record. (R&R, Doc. 147, 56–57) Cisneros timely filed numerous objections. (Objections, Doc. 162)

This case involves a voluminous record and dates back to events that occurred more than twenty-five years ago. Cisneros lodges various objections to the Report and Recommendation, and has submitted lengthy briefing in support of those objections.

Based on a *de novo* review of the issues raised by Cisneros's objections, including a consideration of the record and the applicable law, the Court concludes that the Report and Recommendation ably and correctly addresses the issues that Cisneros challenges.[1]

The Court concludes that the Petitioner Juan Gabriel Cisneros's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) should be denied.

Accordingly, the Court **OVERRULES** Cisneros's objections and **ADOPTS** the Report and Recommendation (Doc. 147).

It is **ORDERED** that Petitioner Juan Gabriel Cisneros's Motion to Vacate, Set Aside or Correct his Sentence Under § 2255 (Doc. 1) is **DENIED** as untimely filed, procedurally defaulted, or unsupported by the record.

It is also **ORDERED** that the following claims are timely filed but **DENIED** as unsupported by the record:

(1) trial counsel was ineffective for failing to advise Cisneros that he faced a likely life sentence if he went to trial and lost because of a sentencing enhancement under 21 U.S.C. § 851;

---

[1] One relatively-minor exception exists. In his fourth objection, Cisneros highlights that he alleged and testified before the Magistrate Judge that the plea agreement offered by the Government included that the Government would recommend to the trial court that the sentence "should not exceed 20 years." (Objections, Doc. 162, 14–15; Hrg. Trans., Doc. 86, 114) The Report and Recommendation indicates that Cisneros claims he was offered a plea agreement with "a guaranteed sentence of 20 years." (R&R, Doc. 147, 23) The two versions are factually distinct, but the factual discrepancy does not affect the analysis. The Court agrees that Cisneros alleges and testified that under an offered plea agreement, the Government would have recommended that Cisneros receive a sentence of no more than 20 years. The legal analysis of Cisneros's claims, however, does not depend on whether the plea agreement was for a guaranteed prison term or a maximum limit of 20 years.

(2) trial counsel was ineffective for failing to object to bolstering of witness testimony by the Government and the trial judge;

(3) trial counsel was ineffective for failing to object to the jury instructions;

(4) trial counsel was ineffective for failing to investigate and interview witnesses; and

(5) appellate counsel provided ineffective assistance.

It is also **ORDERED** that the following claims are timely filed, but **DENIED** as procedurally defaulted and, alternatively, as unsupported by the record:

(6) the trial judge impermissibly bolstered the testimony of Government witnesses;

(7) the jury was not properly instructed on the Government's burden of proof; and

(8) Cisneros was denied due process of law when the trial court submitted more information to the jury during deliberations than was originally requested.

It is also **ORDERED** that the following claims are **DENIED** as untimely filed and, alternatively, as unsupported by the record:

(9) trial counsel was ineffective for failing to challenge the imposition of the Section 851 enhancement;

(10) trial counsel was ineffective for failing to collaterally attack the prior state conviction that formed the basis of the Section 851 enhancement; and

(11) a trial witness (Arnoldo Belmontes) lied about the full extent of his agreement with the Government.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Cisneros fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

Signed on June 7, 2021.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge